Anderson, J.,
delivered the opinion of the court.
This cause comes here upon a supersedeas to a judgment of the Circuit court of Rockingham county, affirming the judgment of the County court of said county.
Section 6 of chap. 182 of Code of 1860, p. 745, requires, that with the petition for an appeal, supersedeas, &c., there shall be a transcript of the record of so much of the case as will enable the court, if the petit ion he *120 Sranted’ properly to decide the questions that may arise before it. In this case, the transcript of the record of the County court, certified by the clerk of that court, was filed with the petition to the Circuit court; and that transcript, together with a transcript of the judgment of the Circuit court thereon, is certified to this court, by the clerk of the Circuit court; and is a substantial compliance with the requirement of the statute.
The supersedeas was granted on the 29th of July 1866, by Judge Sheffey, one of the Circuit judges, to the judgment of the County court of Rockingham; and on the 18th of December 1868 Judge Sheffey modified the order he «had made awarding a supersedeas, so as to reduce the penalty of the supersedeas bond from 15,000 dollars to 8,000 dollars. The court is of opinion that it was competent for him so to do. And that the modification of the terms, upon which the supersedeas was awarded, did not impair or annul the plaintiff’s in error right to a supersedeas, which had been awarded to him on the 29th of July 1866, but continued the same on terms less onerous. It was not the inception, of the proceeding, but only the modification and continuation of the previous order. Consequently, by reason thereof, the plaintiff’s in error right to a writ of error and supersedeas is not barred.
The court is further of opinion, that the declarations of the defendant in error to other persons, not in the presence and hearing of the plaintiff in error, prescribing different terms of sale from those set forth in the published advertisement, and publicly announced on the day of sale, were inadmissible as evidence against the plaintiff in error, unless shown to have been communicated to him; and that the second instruction, founded evidently upon this illegal testimony, and otherwise irrelevant, was calculated to mislead the jury.
The court is also of opinion that the third instruction, *121 if not erroneous in terms, is expressed in language calculated to mislead the jury; and probably did mislead them. It implies that the bond upon its face imports a contract to pay in specie, according to the common law presumption, which it was held in Walker's Per. Rep. v. Pierce, 21 Gratt. 722, was designed to be altered by statute, in relation to contracts of that period. In that case it was said: “ The obvious design of the act of 1867 • [1866,] (meaning the adjustment act,) is to ascertain and enforce the actual contract between the parties; to do which, it in effect annuls the presumption of law as to the kind of currency in which the contract is to be solved, whether common law or statutory.” This instruction might be understood to exclude, contrary to the terms of said act of assembly, and the repeated decisions of this court, an implication that the contract was made with reference to Confederate currency as a standard of value, or was solvable in that kind of currency, from the character of the currency which prevailed at the date of the. contract, and the price paid for the land, which was the consideration of the bond, and other facts proved in the cause. The presumption was one of fact, and was a question for the jury.
It is certified by the court below, as proved on the trial, that the bond which is the foundation of the suit, was given for the last instalment of purchase money for a tract of land, which was sold at public auction on the 30th of March 1863; that nothing was said in the advertisement-or public announcement, of the terms of sale, as to the kind of currency which would be received in payment of the purchase money; but that Confederate States treasury notes were the only currency of the country at the time; and that the land, which had been assessed at 80 dollars an acre before the war, and could not have been sold in March 1863, or any time during *122 the war, at its assessed value in specie, and was not worth, in the opinion of any of the witnesses, more than $100 an acre before the war, was sold to the plaintiff in error for $210 an acre; that he paid $14,135 dollars in hand, and gave his bond for $7,067 70-|, for the residue of the purchase money, payable on the 30th of March 1865, with interest from the 30th of March 1863, the date thereof; that the whole of the hand payment was-applied to the payment of old debts by the vendor, and actually discharged 14,135 dollars of specie debts; that Confederate money at the time was rating at about 5 for 1 in gold; but in land sales was rating at from two-to three for one; and the witnesses at the time of the sale considered it a sale for Confederate money. These facts-plainly imply that it was a sale for Confederate money; which any rebutting testimony in the cause does not repel. And the defendant in error having already received payment of what was of far more value to him than the land,, the court is of opinion that the verdict of the jury, which gives him in addition thereto $7,067 70 cents, with interest thereon from the 30th of March 1863, (the face of the bond,) is not only manifestly contrary to the law and evidence, but is hard and oppressive, and ought to have been set aside. There were other questions raised in the cause, which the court deems it unnecessary now to decide; but for the reasons given, we are of opinion to reverse the judgment of the court below, and to remand the cause for further proceedings to be had therein, in conformity with this opinion.
The judgment was as follows:
This cause, which is pending in this court, at its place of session at Staunton, having been fully argued, but not determined at the said place of session, this day came here the parties, by their counsel; and the court having maturely considered the transcript of the record of the *123 Judgment aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the declaration of the defendant in error to other persons not in the presence and hearing of the plaintiff in error, prescribing different terms of sale from those set forth in the advertisement, and publicly announced on the day of sale, were inadmissible in evidence against the plaintiff in error, the same not having been communicated to him before he purchased; and that the court erred in admitting such evidence; and that the second instruction given by the court to the jury, •which is evidently founded upon it, was calculated to mislead the jury. The court is also of opinion that the third instruction, if not erroneous in terms, undertakes to instruct the jury as to what their presumption should be as to the kind of currency in which the obligation was to be discharged; which being a presumption of fact and not of law, was a question for the jury and not for the court; and was also calculated to mislead them, and ought not to have been given.
The court is also of opinion, that upon the facts certified the contract was plainly made with reference to Conferate money as a standard of value, and was solvable in that kind of currency; and that the verdict of the jury is plainly contrary to the law and evidence, and unjust and oppressive; and ought to have been set aside and a new trial granted.
Therefore it is considered, that the judgment of the said Circuit court be reversed and annulled; and that the plaintiff in error recover against the defendant in error his costs by Mm expended in the prosecution of his writ of error and supersedeas aforesaid here. And this court proceeding to render such judgment as the said Circuit court ought to have rendered, it is further considered, that the judgment of the County court be reversed *124 and annulled, and the verdict of the jury set aside, and a new trial granted the defendant in that court; and that the plaintiff in error in the said Circuit court recover against the defendant in error in that court his costs by him expended in the prosecution of his writ of error and supersedeas aforesaid in said Circuit court. And the cause is remanded to the said Circuit court, for further proceedings to be had therein, in conformity with the principles herein declared.
And it is ordered, that this judgment be entered on the order book here, and be forthwith certified to the clerk of the court where the same is pending as aforesaid ; who shall enter the same on his order book, and certify it to the clerk of the said Circuit court of Rockingham county.
Judgment reversed.